



9/12/0
lp

ORIGINAL

**FILED**
**WILLIAMSPORT, PA**

SEP 1 1 2002

MARY E. D'ANDREA, CLERK
Per_____ Klw
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SUSAN C. O'NEIL/KRANKOWSKI on her**
**own behalf, and on behalf of her daughter**
**KAITLIN O'NEIL, a minor,**
923 West Walnut Street
Coal Township, Pennsylvania 17866

No. 4:02 CV 1614

Judge Muir

**Plaintiffs**

**vs.**

**NORTHUMBERLAND COUNTY**
**CHILDREN & YOUTH,**
370 Market Street
Sunbury, Pennsylvania 17801

**CIVIL ACTION**
**LAW & EQUITY**

**NORTHUMBERLAND COUNTY**
**MENTAL HEALTH/MENTAL RETARDATION**
370 Market Street
Sunbury, Pennsylvania 17801

**JANE B. KEARNEY**
**both professionally and in her personal capacity,**
Director of Northumberland County Children
& Youth
370 Market Street
Sunbury, Pennsylvania 17801

**JURY TRIAL DEMANDED**

**JUDY DAVIS,**
**both professionally and in her personal capacity,**
Director of Northumberland County MH/MR
370 Market Street
Sunbury, Pennsylvania 17801

**BETH MILLER**
**both professionally and in her personal capacity,**
Northumberland County Children & Youth
370 Market Street
Sunbury, Pennsylvania 17801

**DIANA STINE**
**both professionally and in her personal capacity,**
Northumberland County Children & Youth
370 Market Street
Sunbury, Pennsylvania 17801

**Defendants**

---

## NOTICE OF DEMAND FOR JURY TRIAL

In accordance with the Federal Rules of Civil Procedure, Plaintiffs hereby give formal notice of their demand for a trial by jury in the above-captioned matter.

## COMPLAINT

This Complaint alleges that the Northumberland County Department of Children & Youth and those working for them or in concert with them, including Northumberland County Mental Health/Mental Retardation, intentionally violated the civil rights of the Plaintiffs by instituting civil dependency proceedings against the Plaintiffs, by seizing the person of Kaitlin O'Neill, and by taking such other rights so as to intentionally deprive the Plaintiffs of rights secured to them by the Constitution of the United States of America.

Plaintiffs bring this action to vindicate their rights and for compensation as a result of the intentional deprivations visited upon them by the Defendants.

## PARTIES

1.      Your Plaintiff is Susan C. O'Neil/Krankowski, an adult individual, on her own behalf and on behalf of her daughter, Kaitlin O'Neil, a minor person, having an address of 923 West Walnut Street, Coal Township, Northumberland County, Pennsylvania.

2.      Your Defendant is Northumberland County Children and Youth, a local agency of Northumberland County, with a principal address of 370 Market Street, Sunbury, Northumberland County, Pennsylvania.

3.      Your Defendant is Northumberland County Mental Health/Mental Retardation, a local agency of Northumberland County, with a principal address of 370 Market Street, Sunbury, Northumberland County, Pennsylvania.

4.      Your Defendant is Jane B. Kearney, an adult individual who is the Director of Northumberland County Children & Youth, with a business address of 370 Market Street, Sunbury, Northumberland County, Pennsylvania. Jane B. Kearney is sued in both her professional and personal capacities.

5.      Your Defendant is Judy Davis, an adult individual who is the Director of Northumberland County Mental Health/Mental Retardation, with a business address o f 3 70 M arket Street, S unbury, N orthumberland C ounty, P ennsylvania. Judy Davis is sued in both her professional and personal capacities.

6.      Your Defendant is Beth Miller, an adult individual, with a business address of 370 Market Street, Sunbury, Northumberland County, Pennsylvania. Beth Miller is sued in both her professional and personal capacities.

7.    Your Defendant is Diana Stine, an adult individual, with a business address of
370 Market Street, Sunbury, Northumberland County, Pennsylvania.  Diana Stine
is sued in both her professional and personal capacities.

## JURISDICTION AND VENUE

8.    Jurisdiction of this Court is based on 28 U.S.C. § 1331, and 28 U.S.C. § 1343,
which grants original jurisdiction to the United States District Court for any civil
action authorized by law to be commenced by any person for the recovery of
damages for injury arising out of a violation of 42 U.S.C.A. §§ 1983.  All other
claims are proper pursuant to the supplemental jurisdiction of this court under 28
U.S.C. § 1367.

9.    Northumberland exists wholly within the Middle District of Pennsylvania.  The
unlawful acts alleged herein have been performed, carried on, and have had an
effect principally in the Middle District of Pennsylvania, but also elsewhere.
Defendants are therefore subject to the jurisdiction and venue of this Court. *See*
15 U.S.C. §§ 15 and 22; and 28 U.S.C. § 1391.

## BACKGROUND

10.    Central to this Complaint are the actions of Northumberland County Children &
Youth and Northumberland County Mental Health/Mental Retardation.

11.    At all times, all of the Defendants acted in concert with each other, and
intentionally, in order to deprive Plaintiffs of their rights as pled herein.

12. Susan C. O'Neil/Krankowski [hereinafter "Susan O'Neil"] is the mother of Kaitlin O'Neil.

13. Susan O'Neil is disabled.

14. Kaitlin O'Neil is also disabled.

15. Kaitlin O'Neil is autistic.

16. Kaitlin O'Neil was born on April 12, 1996.

17. Prior to September 11, 2000, Kaitlin O'Neil received services through Northumberland County Mental Health/Mental Retardation.

18. At times prior to September 11, 2000, Susan O'Neil was displeased with the services of Northumberland County Mental Health/Mental Retardation.

19. Northumberland County Mental Health/Mental Retardation received funding from other sources based upon the services which they provided to Kaitlin O'Neil.

20. Alternatively, Northumberland County Mental Health/Mental Retardation was able to receive funding from other sources were it to provide certain services to Kaitlin O'Neil.

21. At times prior to September 11, 2000, and with particularity in the weeks immediately preceding September 11, 2000, Susan O'Neil made complaints to various state and federal agencies, to other authorities, to the Auditor General of the Commonwealth of Pennsylvania and to the press, alleging that Northumberland County Mental Health/Mental Retardation had, *inter alia*, violated the civil rights of her daughter and her self.

22.  Northumberland County Mental Health/Mental Retardation, and particularly its director, Judy Davis, became aware of these allegations.

23.  Northumberland County Mental Health/Mental Retardation, and particularly its director, Judy Davis, was aware that these complaints threatened the integrity of that agency.

24.  Northumberland County Mental Health/Mental Retardation, and particularly its director, Judy Davis, was aware that these complaints threatened certain funding sources for that agency.

25.  The allegations by Susan O'Neil related, *inter alia*, to actions taken by Judy Davis in particular.

26.  On Spetember 8, 2000, many of the services provided to Kaitlin O'Neill were discontinued as a result of these accusations, including accusations of abuse.

27.  On or about September 9 or 10, 2000, both agencies and the directors of those agencies participated in a meeting related, with particularity, to Kaitlin O'Neil.

28.  At that time, the directors of each agency discussed the services being provided to Kaitlin O'Neil.

29.  At that time, the directors of each agency discussed the allegations being made, or at the very least the fact that allegations were made, by Susan O'Neil.

30.  At that meeting, or at a time reasonably close in time to that meeting, the directors of each agency decided together that they should seek to remove Kaitlin O'Neil from Susan O'Neil.

31.     On or about November 7, 1999, Northumberland County Children & Youth alleges it received a General Protective Services referral claiming that Susan O'Neil was having trouble caring for Kaitlin due to her disability.

32.     Upon information and belief, this matter was investigated but no services were provided as a result of that referral.

33.     On or about August 25, 2000, Northumberland County Children & Youth alleges it received a General Protective Services referral claiming that Susan O'Neil was locking her daughter in a playroom and utilizing caregivers found in the newspaper.

34.     Upon information and belief, this matter was investigated but no services were provided as a result of that referral.

35.     On or about September 11, 2000, Northumberland County Children & Youth alleges it received a Child Protective Services referral claiming that Susan O'Neil was physically abusing Kaitlin by locking her in at night, not providing adequate supervision and giving Kaitlin Nyquil, Benadryl and an unknown substance to make her drowsy.

36.     Agency workers responded to the home of Susan O'Neil to investigate this allegation.

37.     Thereafter, on September 11, 2000, the Honorable Judge Wiest of the Northumberland County Court of Common Pleas allegedly issued a *verbal* order permitting Northumberland County Children & Youth to remove Kaitlin O'Neil from her home.

38.  This Order was never memorialized, except by reference in future orders, into written form.

39.  Purportedly on the basis of said order, Northumberland County Children & Youth, Jane Kearney, Beth Miller and Diana Stine, together with police officers and other officials went to the home of Susan O'Neil, forcefully entered it and forcefully removed Kaitlin O'Neil from her care.

40.  Neither Northumberland County Children & Youth, Jane Kearney, Beth Miller nor Diana Stine took any steps to attempt to prevent the placement of this child.

41.  The purported allegations were not sufficient to require or permit the removal of Kaitlin O'Neil from her home or from the care of her mother.

42.  A factual hearing was not thereafter held within seventy-two (72) hours.

43.  No factual hearing, beyond a hearing by the Department of Public Welfare on an abuse determination, was ever scheduled in relation to this matter.

44.  No factual hearing, beyond a hearing by the Department of Public Welfare on an abuse determination, was ever held in relation to this matter.

45.  No thirty (30) day hearing was ever held.

46.  No dependency hearing was ever held.

47.  When removed, Kaitlin O'Neil was taken to some other place unknown to the Plaintiffs and held there against her will and that of Susan O'Neil.

48.  These actions were not in any manner authorized by the father of Kaitlin O'Neil.

49.  On September 20, 2000, eight days after she was forcefully removed from her home, the Northumberland County Court of Common Pleas ordered a home study on the home of Ann Naylor, the aunt of Kaitlin.

50.   At the same hearing, the court ordered that Susan O'Neil was to have liberal visitation and contact with her daughter.

51.   Thereafter, Kaitlin was placed with Ann Naylor.

52.   In October of 2000, Northumberland County Children & Youth sought and received an order from the Northumberland County Court of Common Pleas granting them legal custody of Kaitlin.

53.   No hearing was held prior to the issuance of this order.

54.   No dependency hearing was ever held in relation to this matter.

55.   Neither Susan O'Neil nor Kaitlin O'Neil ever stipulated to the dependency of Kaitlin O'Neil.

56.   In October of 2000, Northumberland County Children & Youth filed a petition alleging abuse or neglect on the basis of the prior allegations, but with more particular reference to Susan O'Neil's decision to discontinue services provided through Northumberland County Mental Health/Mental Retardation.

57.   The petition alleged that Susan O'Neil's decision to discontinue voluntary services amount to child abuse.

58.   The petition makes a bald assertion that Susan O'Neil has an undiagnosed mental disorder.

59.   The petition was not filed by a psychologist, psychiatrist or therapist and the bald assertion that Susan O'Neil has an undiagnosed mental disorder was not based upon the opinion of any psychologist, psychiatrist or therapist, or other medical professional.

60. In or about November of 2000, Northumberland County Children & Youth, through Beth Miller, issued an unfounded report of abuse based upon the allegations related to Nyquil, Benadryl and an unknown substance being given as a sleeping aid.

61. This determination was based, at least in part, upon letters provided to them by a pharmacist and a doctor of Susan and Kaitlin O'Neil. These letters and opinions were at all times available to Northumberland County Children & Youth and supplied to them on September 19, 2000.

62. In or about November of 2000, Northumberland County Children & Youth, through Diana Stine, issued an indicated report of abuse based upon the allegation that Susan O'Neil had denied her minor child "developmental, emotional, social and educational services which has interfered with the minor's development".

63. The indicated report failed to identify any actual acts or omissions of Susan O'Neil which amounted to serious bodily injury.

64. The indicated report failed to identify any actual acts or omissions of Susan O'Neil which amounted to serious physical neglect.

65. In March of 2001, Northumberland County Children & Youth offered to drop the matter if Susan O'Neil left the state and moved to Texas.

66. On September 10, 2001, Northumberland County Children & Youth voluntarily discontinued their action in relation to Kaitlin O'Neil.

67. Susan O'Neil appealed the sole determination of abuse entered against her, with reference to the indicated report of abuse.

68.   A full hearing was held on this matter before the Department of Public Welfare On December 11, 2001.

69.   Thereafter the court issued a briefing schedule on the issue of whether the acts or omissions of Appellant could constitute child abuse under the law.

70.   Susan O'Neill filed a brief.

71.   Northumberland County Children & Youth failed to filed a brief.

72.   On July 15, 2002, the Judge determined as a matter of law that the acts of Susan O'Neil were not abuse.

73.   On August 16, 2002, the Department of Public Welfare issued a letter that the status of the child abuse report against Susan O'Neil had been changed to unfounded.

74.   No appeal was ever taken from this determination by Northumberland County Children & Youth.

75.   The letter indicated that Northumberland County Children & Youth had been directed to destroy its records.

76.   The acts of all Defendants were at all times outrageous and committed with reckless disregard for the rights and privileges of the Plaintiffs.

77.   The acts of Jane Kearney were intentional and committed with the intent to deprive Susan O'Neil and Kaitlin O'Neil of rights secured to them by the Constitution of the United States of America, the Constitution of the Commonwealth of Pennsylvania and the various laws and statutes of the United States of America and the Commonwealth of Pennsylvania.

78.  The acts of Judy Davis were intentional and committed with the intent to deprive Susan O'Neil and Kaitlin O'Neil of rights secured to them by the Constitution of the United States of America, the Constitution of the Commonwealth of Pennsylvania and the various laws and statutes of the United States of America and the Commonwealth of Pennsylvania.

79.  The acts of Beth Miller were intentional and committed with the intent to deprive Susan O'Neil and Kaitlin O'Neil of rights secured to them by the Constitution of the United States of America, the Constitution of the Commonwealth of Pennsylvania and the various laws and statutes of the United States of America and the Commonwealth of Pennsylvania.

80.  The acts of Diana Stine were intentional and committed with the intent to deprive Susan O'Neil and Kaitlin O'Neil of rights secured to them by the Constitution of the United States of America, the Constitution of the Commonwealth of Pennsylvania and the various laws and statutes of the United States of America and the Commonwealth of Pennsylvania.

81.  Jane Kearney personally participated in all of the events alleged herein.

82.  Judy Davis personally participated in all of the events alleged herein.

83.  Beth Miller personally participated in all of the events alleged herein.

84.  Diana Stine personally participated in all of the events alleged herein.

85.  Northumberland County Mental Health/Mental Retardation, through its director Judy Davis, was present at the court proceedings held on September 20, 2000 and requested that Northumberland County Children & Youth and Jane Kearney, its Director, proceed with that hearing.

## COUNT I
## 42 USC § 1983
## PROCEDURAL DUE PROCESS

86.  The preceding paragraphs are incorporated herein as if fully set forth at length.

87.  The Fourteenth Amendment to the Constitution of the United States of America contains a provision guaranteeing to its citizens the right to procedural due process.

88.  The requirements of procedural due process include the right to (a) notice, (b) a hearing, and (c) before an impartial tribunal.

89.  Prior to seizing Kaitlin O'Neil, Northumberland County Children & Youth did not provide (a) notice or (b) a hearing to Susan O'Neil.

90.  23 Pa.C.S.A § 6315 permits emergency custody situations.

91.  Under said statute, the local agency may hold the child for 24 hours – assuming that the situations permit the protective custody.

92.  The situation herein did not warrant protective custody.

93.  Within that 24 hour period, the local Children & Youth agency must seek a court order.

94.  Nevertheless, a hearing must thereafter be held within 72 hours.

95.  If protective custody is granted, a dependency petition must be filed within 48 hours.

96.  Further, a conference must be held with the parent within 48 hours of the initial protective custody.

97.    Northumberland County Children & Youth took custody of Kaitlin O'Neil without having complied with due process requirements.

98.    Northumberland County Children & Youth, as pled above, maintained legal and physical custody of Kaitlin O'Neil without having complied with due process requirements.

99.    At all times, Jane Kearney, Beth Miller and Diana Stine acted in concert with Northumberland County Children & Youth.

100.   Northumberland County Children & Youth did not comply with the requirements of Procedural Due Process or with the applicable statute.

101.   Northumberland County Children & Youth, and those acting in concert with them, intentionally failed to comply with these requirements in order to deprive the Plaintiffs rights secured to them under the Constitution.

102.   Northumberland County Mental Health/Mental Retardation and its director, Judy Davis, while not the actual petitioners, also were involved in the conspiracy to deprive the Plaintiffs of their rights – and requested and encouraged Northumberland County Children & Youth and those acting in concert with them to take such actions.

103.   The violations of the Plaintiffs' constitutional and statutory rights were intentional and undertaken with bad faith and malice.

104.   All Defendants were acting under the putative vestiges of their authority as state actors when they took the actions alleged in this Complaint.

105.   As a result of their failure to comply with those requirements, Kaitlin O'Neil was improperly held in the care of Northumberland County Children & Youth for a

year and suffered separation from her mother, and her mother suffered separation from her. Further, Plaintiffs were deprived of their right to adequately litigate this matter.

**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

    a.  All damages to their Persons or their Property; and

    b.  All continuing damages arising from continuing violations of the Constitutional Rights of the Plaintiffs; and

    c.  All damages to their reputation; and

    d.  All damages in the nature of emotional stress, mental anguish, and humiliation; and

    e.  All other actual damages; and

    f.  Compensatory damages; and

    g.  All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

    h.  Pre-Judgment Interest; and

    i.  Post-Judgment Interest; and

    j.  All costs of this suit, including reasonable attorney's fees; and

    k.  Punitive damages.

## COUNT II
## 42 USC § 1983
## SUBSTANTIVE DUE PROCESS

106.   The preceding paragraphs are incorporated herein as if fully set forth at length.

107.   Plaintiff, Susan O'Neil, has a substantive due process right secured to her by the 14th Amendment, to direct the upbringing of her daughter.

108.   The actions of all Defendants were taken with the actual intent of denying to Susan O'Neil the right to direct the upbringing of her daughter, particularly with reference to her ability to make decisions about the services of Northumberland County Mental Health/Mental Retardation and with reference to the educational choices she wished to make for her daughter.

109.   The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and deprive her mother of the right to direct the upbringing of her daughter – including, *inter alia*, the ability to make decisions with regard to services offered by Northumberland County Mental Health/Mental Retardation and the ability to make decisions related to Kaitlin's education.


**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

  a.   All damages to their Persons or their Property; and

  b.   All continuing damages arising from continuing violations of the Constitutional Rights of the Plaintiffs; and

  c.   All damages to their reputation; and

d. All damages in the nature of emotional stress, mental anguish, and humiliation; and

e. All other actual damages; and

f. Compensatory damages; and

g. All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

h. Pre-Judgment Interest; and

i. Post-Judgment Interest; and

j. All costs of this suit, including reasonable attorney's fees; and

k. Punitive damages.

## COUNT III
## 42 USC § 1983
## UNREASONABLE SEARCH & SEIZURE

110. The preceding paragraphs are incorporated herein as if fully set forth at length.

111. The Fourth Amendment to the Constitution of the United States of America contains a guarantee to your Plaintiffs that they shall not be subject to unreasonable searches and seizures.

112. Your Defendants forcefully entered the home of Susan O'Neil and removed Kaitlin O'Neil, knowing that they were not authorized to do so.

113. Your Defendants took such acts based upon an order which they secured by representing to the Northumberland County Court of Common Pleas that Kaitlin O'Neil was being abused, when they knew she was not and where the allegations did not justify protective custody.

114.    The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and for a period of eight days to hold Kaitlin O'Neil in an undisclosed location against her will and that of her mother.

**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

a.   All damages to their Persons or their Property; and

b.   All continuing damages arising from continuing violations of the Constitutional Rights of the Plaintiffs; and

c.   All damages to their reputation; and

d.   All damages in the nature of emotional stress, mental anguish, and humiliation; and

e.   All other actual damages; and

f.   Compensatory damages; and

g.   All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

h.   Pre-Judgment Interest; and

i.   Post-Judgment Interest; and

j.   All costs of this suit, including reasonable attorney's fees; and

k.   Punitive damages.

## COUNT IV
## 42 USC § 1983
## ABUSE OF PROCESS

115.    The preceding paragraphs are incorporated herein as if fully set forth at length.

116.    The Fourteenth Amendment to the Constitution of the United States of America contains a guarantee that a persons liberty shall not be deprived without due process of law.

117.    The actions of the Defendants amounted to an abuse of process, which is actionable as a deprivation of liberty under the Fourteenth Amendment.

118.    Defendants utilized civil process in the Northumberland County Court of Common Pleas resulting in the seizing of Kaitlin O'Neil for a purpose other than to protect her from abuse, as authorized by the statute.

119.    The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and for a period of eight days to hold Kaitlin O'Neil in an undisclosed location against her will and that of her mother.

**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

a.    All damages to their Persons or their Property; and

b.    All continuing damages arising from continuing violations of the Constitutional Rights of the Plaintiffs; and

c.    All damages to their reputation; and

d. All damages in the nature of emotional stress, mental anguish, and humiliation; and

e. All other actual damages; and

f. Compensatory damages; and

g. All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

h. Pre-Judgment Interest; and

i. Post-Judgment Interest; and

j. All costs of this suit, including reasonable attorney's fees; and

k. Punitive damages.


## COUNT V
## ABUSE OF PROCESS

120. The preceding paragraphs are incorporated herein as if fully set forth at length.

121. Defendants utilized civil process in the Northumberland County Court of Common Pleas resulting in the seizing of Kaitlin O'Neil for a purpose other than to protect her from abuse, as authorized by the statute.

122. The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and for a period of eight days to hold Kaitlin O'Neil in an undisclosed location against her will and that of her mother.

**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

    a.   All damages to their Persons or their Property; and

    b.   All damages to their reputation; and

    c.   All damages in the nature of emotional stress, mental anguish, and humiliation; and

    d.   All other actual damages; and

    e.   Compensatory damages; and

    f.   All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

    g.   Pre-Judgment Interest; and

    h.   Post-Judgment Interest; and

    i.   All costs of this suit, including reasonable attorney's fees; and

    j.   Punitive damages.

## COUNT V
## ABUSE OF PROCESS

**123.**    The preceding paragraphs are incorporated herein as if fully set forth at length.

**124.**    All Defendants took part in the procurement, initiation or continuation of civil proceedings against the Plaintiffs as alleged herein.

**125.**    All Defendants acted in a grossly negligent manner.

126.    All Defendants acted without probable cause and primarily for a purpose other that that of procuring an adjudication of the claim on which the proceedings were based.

127.    The proceedings terminated in favor of Plaintiffs.

128.    The proceedings include both the processes pursued in the Northumberland County Court of Common Pleas and those pursued before the Department of Public Welfare.

129.    The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and for a period of eight days to hold Kaitlin O'Neil in an undisclosed location against her will and that of her mother.

**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

    a.  All damages to their Persons or their Property; and

    b.  All damages to their reputation; and

    c.  All damages in the nature of emotional stress, mental anguish, and humiliation; and

    d.  All other actual damages; and

    e.  Compensatory damages; and

    f.  All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

    g.  Pre-Judgment Interest; and

h.  Post-Judgment Interest; and

i.  All costs of this suit, including reasonable attorney's fees; and

j.  Punitive damages.


## COUNT VI
## FALSE IMPRISONMENT

130.  The preceding paragraphs are incorporated herein as if fully set forth at length.

131.  All Defendants intentionally caused the false seizure of Kaitlin O'Neil.

132.  The seizure was done under an assertion of legal authority to do so for the purpose of bringing Kaitlin O'Neil and Susan O'Neil before the courts or to otherwise secure the administration of law.

133.  The seizure was done without probable cause.

134.  The seizure was made by those not privileged to do so.

135.  The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and for a period of eight days to hold Kaitlin O'Neil in an undisclosed location against her will and that of her mother.


**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

a.  All damages to their Persons or their Property; and

b.  All damages to their reputation; and

c.  All damages in the nature of emotional stress, mental anguish, and humiliation; and

d.  All other actual damages; and

e.  Compensatory damages; and

f.  All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

g.  Pre-Judgment Interest; and

h.  Post-Judgment Interest; and

i.  All costs of this suit, including reasonable attorney's fees; and

j.  Punitive damages.

## COUNT VII
## CONSPIRACY

136.  The preceding paragraphs are incorporated herein as if fully set forth at length.

137.  The Defendants conspired together as otherwise pled herein to accomplish improper, illegal and illegitimate goals, in derogation of the rights and privileges of your Plaintiffs, and in contravention of the law.

138.  The actual effect of the actions of Defendants was to remove Kaitlin O'Neil from her home and her mother for the period of a year, and her mother from her, and for a period of eight days to hold Kaitlin O'Neil in an undisclosed location against her will and that of her mother.

**WHEREFORE**, your Plaintiffs do move this Honorable Court for relief, and DEMAND relief of the Defendants, including but not limited to:

    a.   All damages to their Persons or their Property; and

    b.   All damages to their reputation; and

    c.   All damages in the nature of emotional stress, mental anguish, and humiliation; and

    d.   All other actual damages; and

    e.   Compensatory damages; and

    f.   All attorney's fees and costs incurred to date in all actions related to the violations pled herein; and

    g.   Pre-Judgment Interest; and

    h.   Post-Judgment Interest; and

    i.   All costs of this suit, including reasonable attorney's fees; and

    j.   Punitive damages.

**Respectfully Submitted:**

**ZEIGLER & TURNER, LLC**
Attorney for Plaintiff

Matthew J. Zeigler
#83367

1735 E. 3rd St., #1B
Williamsport, PA 17701
(570) 326 – 1831